UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61040-CIV-SINGHAL

ELMER OSVALDO NAJERA
SANTIAGO,

      Petitioner,

v.

FIELD OFFICE DIRECTOR, Enforcement
and Removal Operations, Miami Field
Office, Immigration and Customs
Enforcement, *et al.,*

      Respondents.

_____/

## ORDER

**THIS CAUSE** is before the Court on Petitioner's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Emergency[1] Relief (the "**Petition**").  (DE [1]).  The Court has considered the Petition, the docket, and is otherwise fully advised.  For the below reasons, the Petition (DE [1]) is **DENIED**.

## I.    BACKGROUND.

Petitioner is a Guatemalan citizen who entered the United States without inspection or admission in July 2021.  *See* (DE [1] at ¶¶ 40–41; [1-3] at 2).  More recently, Petitioner was detained by immigration authorities on March 9, 2026.  (DE [1] at ¶ 43).

---

[1] Petitioner and counsel are reminded that "[w]hen a party labels a motion an emergency, the Court drops everything it is working on (like criminal cases, temporary restraining orders, and other time-sensitive matters) to handle the filing."  *In re Yormak*, 2020 WL 3574516, at *1 (M.D. Fla. July 2, 2020).  "For that reason, improperly designating a motion as an emergency is sanctionable conduct."  *Id.*  While the Court agrees that Petitioner's detention is an important matter, it is not emergent as this Court and the rules define that term.  *See* S.D. Fla. L.R. 7.1(d)(1) ("Generally, unless a motion will become moot if not ruled on within seven (7) days, the motion should not be filed as an emergency motion."); *Weiss v. Trans Union, LLC*, 2023 WL 4350449, at *1 n.1 (M.D. Fla. May 19, 2023) ("Emergencies generally involve risks to the health and safety of individuals, situations where a person is about to be deported, scenarios involving the imminent destruction of property, circumstances under which a business is in real danger of immediate failure or significant financial collapse or cases where someone is at risk of being denied an essential service." (quoting *VMR Prods., LLC v. Elec. Cigarettes Outlet, LLC*, 2013 WL 5567320, at *1 (S.D. Fla. Oct. 3, 2013)).

Petitioner is being held without an opportunity to obtain bond and the immigration judge has apparently declined to consider his bond application.  (DE [1] at ¶¶ 45–46).

Petitioner now seeks habeas relief in this Court, arguing he is statutorily and constitutionally entitled to a bond hearing.  Statutorily, he argues that he is not an "applicant for admission" governed by section 1225, but instead an alien governed by section 1226 and entitled to a bond hearing.  *See* (DE [1] at 10).  Constitutionally, he argues that his detention serves no statutory purpose and thus violates due process.  *See* (DE [1] at 10–11).  He seeks his immediate release or, alternatively, a bond hearing.  (DE [1] at 11).

## II.   LEGAL STANDARD.

District courts have authority to grant writs of habeas corpus. 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren,* 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

## III.   DISCUSSION.

As this Court recently explained, an alien present in the United States without admission is an "applicant for admission" under section 1225(b)(2) and subject to its mandatory detention scheme, regardless of when the alien entered.  *See Morales v. Noem*, --- F. Supp. 3d ---, 2026 WL 236307, at *9 (S.D. Fla. Jan. 29, 2026); *Azcona-Quintero v. Swain*, No. 26-60079-CIV-SINGHAL, Dkt. No. 8 (S.D. Fla. Feb. 12, 2026); *Factor Flores v. Field Office Dir.*, No. 26-60448-CIV-SINGHAL, Dkt. No. 4 (S.D. Fla. Feb. 20, 2026); *see also Avila v. Bondi*, --- F.4th ---, 2026 WL 819258 (8th Cir. Mar. 25, 2026);

*Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).   And while "'the Fifth Amendment entitles aliens to due process of law in deportation proceedings,' . . . detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)).   Moreover, "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Id.* at 528.   Although not on all fours, *Demore* is instructive insofar as it holds that the government need not conduct individualized bond hearings for criminal aliens to combat flight risk.   *Id.* at 527–28.   Accordingly, the caselaw does not support the notion that due process requires the government to afford aliens individualized bond hearings pending removal, nor has Petitioner pointed the Court to any such authority.   Finally, *Demore* further held that an alien's six-month detention during removal proceedings did not violate due process.   *Id.* at 530.

Here, because Petitioner entered the United States without inspection or admission, he is subject to section 1225(b)(2)'s mandatory detention scheme and properly detained thereunder.   Furthermore, because Petitioner has no due process right to an individualized bond hearing to determine flight risk or danger to the community, his mandatory detention does not—at least at this point—violate due process. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Petition (DE [1]) is **DENIED**.   The Clerk of Court is directed to **CLOSE** this case, **CANCEL** all hearings and deadlines, and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 15th day of April 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF